UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JONATHAN DUPIN (#547468)

VERSUS                                              CIVIL ACTION

JIMMY LEBLANC, ET AL                                NUMBER 12-342-BAJ-SCR


### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, October 15, 2012.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JONATHAN DUPIN (#547468)

VERSUS                                             CIVIL ACTION

JIMMY LEBLANC, ET AL                               NUMBER 12-342-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Dismiss filed by the defendants through the office of the Livingston Parish District Attorney. Record document number 6. No opposition has been filed.

Defendants seek dismissal of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Jonathan Dupin. For the reasons which follow, the motion should be granted and the petition should be dismissed as untimely.

### State Court Procedural History

Petitioner pled nolo contendere to one count manslaughter in the Twenty-first Judicial District Court for the Parish of Livingston, Louisiana on October 28, 2008. Petitioner was sentenced to 10 years imprisonment at hard labor. Petitioner did not appeal his conviction or sentence.

Petitioner signed his first application for post-conviction relief ("PCRA") on December 22, 2009, and it was filed in the trial court on January 4, 2010. On January 19, 2010, the petitioner

supplemented his PCRA.  Petitioner asserted four grounds for relief:

1. his plea was not knowingly and intelligently entered;

2. he was denied effective assistance of counsel when counsel failed to introduce into evidence a notarized affidavit of Ryan Gill in an effort to have the petitioner indicted on negligent homicide charges rather than second degree murder or manslaughter;

3. he was denied effective assistance of counsel when counsel recommended that the petitioner enter a plea of no contest without ensuring that the petitioner had knowledge of the law and evidence; and,

4. counsel was ineffective when he advised the petitioner to enter a plea of no contest to manslaughter when the evidence did not support the charge.

The trial court denied relief on February 4, 2010.

On February 10, 2010, the petitioner sought review in the Louisiana First Circuit Court of Appeal.  On April 26, 2010, the Louisiana First Circuit Court of Appeal denied review. *State of Louisiana v. Jonathan Dupin*, 2010-0363 (La. App. 1st Cir. 4/26/10).

On June 4, 2010, the petitioner sought supervisory review in the Louisiana Supreme Court.  On June 17, 2011, the Louisiana Supreme Court denied review. *State ex rel. Jonathan Dupin v. State of Louisiana*, 2010-1390 (La. 11/17/11), 63 So.3d 1032.

Petitioner signed his second PCRA on October 26, 2010, and it was filed on November 3, 2010.  Petitioner signed a supplemental

brief in support of his second PCRA on November 6, 2010, and it was filed on November 9, 2010.[1]  Petitioner was appointed counsel and was permitted to supplement his PCRA during a series of evidentiary hearings held on November 24, 2010, February 24, April 21 and December 15, 2011.  The petitioner's second PCRA, as supplemented, was denied on December 13, 2010, February 24, 2011 and December 15, 2011.

Petitioner filed a third PCRA on December 19, 2011, and it was filed on December 21, 2011.  The trial court denied the PCRA on grounds that it was successive.

Petitioner sought review of the second and third PCRAs in the Louisiana First Circuit Court of Appeal.  On May 21, 2012, the Louisiana First Circuit Court of Appeal denied review.  *State of Louisiana v. Jonathan Dupin*, 2012-0084 (La. App. 1st Cir. 5/21/12).

On June 19, 2012, the petitioner sought supervisory review in the Louisiana Supreme Court.  The Louisiana Supreme Court has not yet acted on the petitioner's writ application.

Petitioner signed his federal habeas corpus application on June 1, 2012, and it was filed on June 7, 2012.

No evidentiary hearing is required.

## Applicable Law and Analysis

Under § 2244(d), as amended by the Antiterrorism and Effective

---

[1] Petitioner's motion to supplement the second PCRA was denied on March 22, 2011.

Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection.  A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998).  A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level.  *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Petitioner's conviction became final on February 11, 2009.[2]

---

[2] For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2003) ("[A] conviction becomes final at the conclusion of direct review or when the time for such review has expired, as specified by AEDPA, regardless of when state law says
(continued...)

4

From the date the petitioner's conviction became final on February 11, 2009, until December 22, 2009, the date the petitioner signed his first PCRA, 313 days of the limitations period elapsed.

From February 4, 2010, the date the trial court denied the petitioner's first PCRA until April 26, 2010, the date the Louisiana First Circuit Court of Appeal denied review, the limitations period remained tolled.  Petitioner had until May 26, 2010, to seek review in the Louisiana Supreme Court.  However, he did not seek supervisory review in the Louisiana Supreme Court until June 4, 2010, exceeding the time limit established by Louisiana Supreme Court Rule X, § 5(a).

Under Louisiana Supreme Court Rule X, § 5(a), the petitioner

---

[2](...continued)
finality occurs."). Normally that time expires 90 days after the state court of last resort enters its judgment.  *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).  But when the defendant concludes his state-court direct appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires."  *Id*.  This federal rule applies even where state law provides that finality occurs on a different date.  *Compare* La. Code Crim. Proc. art. 922(B) (providing that the court of appeal's judgment becomes final under Louisiana law 14 days after the rendition of judgment in all cases in which an application for a writ of review is not filed with the Louisiana Supreme Court), *and* La. Sup. Ct. R. X, § (5)(a) ("An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...."), *with Roberts*, 319 F.3d at 693 n. 15 (noting that the judgment of an intermediate court of appeals is not final under Texas law until the mandate has issued), *and id.* at 694-95 (rejecting the argument that the mandate-issuance date should determine finality under AEDPA).

had 30 days to file his application for supervisory writ to the Louisiana Supreme Court. The rule provides as follows:

> An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs (but not when the court has merely granted an application for purposes of further consideration), or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal *in those instances where a rehearing is allowed*, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing. No extension of time therefor will be granted. (Emphasis added.)

Petitioner failed to comply with Louisiana Supreme Court Rule X, § 5(a) by filing an application for a supervisory writ with that court within 30 days after the appellate court affirmed his conviction. Rule X, § 5(a) expressly prohibits an extension of the 30-day period.

Petitioner's untimely writ application to the Louisiana Supreme Court did not interrupt the time to file a federal habeas corpus application. *Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000).

From May 26, 2010, the last date to timely seek supervisory review of the denial of his first PCRA in the Louisiana Supreme Court, until October 26, 2010, the date the petitioner signed his second PCRA, 152 days of the limitations period elapsed.

By the time the petitioner filed his second PCRA, more than

465 days of the limitations period had elapsed.[3]  Petitioner's federal habeas corpus application was not timely filed.

There is no basis in the record for equitable tolling.  The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances."  *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000).  The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."  *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).  Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005).

A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

---

[3] Although the entire state court record was not filed in response to the court's August 16, 2012 order, the portions of the state court record produced are sufficient to determine timeliness of the petitioner's federal habeas corpus application.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss be granted and Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Jonathan Dupin be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, October 15, 2012.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE